MARÍA MUNET, Plaintiff and Appellant, v. FEDERICO RAMOS ANTONINI, Defendant and Appellee.

No. 9768.    Argued November 1, 1948.—Decided November 16, 1948.

---

*Fernando Pérez Rejis* for appellant. *R. Hernández Matos* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The district court entered an order directing Federico Ramos Antonini to pay his wife María Munet $75 a month for her support. On December 27, 1946 the wife filed a motion praying that her husband be ordered to show cause why he should not be punished for contempt for failure to make the payments for October, November and December, 1946. The order to show cause was entered on February 13, 1947, and a hearing was held on February 28, 1947. On March 11, 1947 the lower court entered an order refusing the motion to adjudge the husband in contempt; on June 2, 1947 it overruled a motion for reconsideration. The wife has appealed from these last two orders.

The appellant contends among other things that the district court committed manifest error in weighing the testimony. The lower court found as facts that "The defendant as an employee of the insular government earns a salary of $317 per month. From that sum he must pay the following monthly obligations: $85 to the Association of Employees of the insular government; $30 to his mother; $45 for lunch and transportation to and from work; $50 to a son studying in Mexico. He is also required to pay interest and principal on debts incurred because of illness and studies of his children and to take care of his other expenses and personal necessities." The record contains evidence sufficient to sustain these findings of fact. We therefore accept them.

However, we are unable to agree with the conclusion which the lower court drew from these facts.

The position of the district court was that "It has been impossible for the defendant to make the back payments for support because of a lack of money and because his salary is not large enough to cover all his necessities as he has had to borrow $2,000 to take care of them." The lower court went on to say that "we have found entirely satisfactory the explanation the defendant gave as to the impossibility to pay the support . . .". It therefore held that the defendant had not willfully and obstinately disobeyed the judgment and was not in contempt.

In support of this result, the district court quoted our language in *Villa* v. *District Court*, 45 P.R.R. 852, 871, that ". . . no person sentenced to pay alimony should be imprisoned unless a wilfull and contumacious disobedience to the order of the court is shown. If the defaulting husband shows that he has no means wherewith to pay and offers a just and reasonable excuse, the court must absolve him from all responsibility inasmuch as his acts show no disobedience to the order of the court." It also relied on our holding in *Rivera* v. *Torres*, 56 P.R.R. 557, that where a husband's financial circumstances are such that he is unable to comply with an order for support, he is not guilty of contempt for failure to comply with the order. See also, *Quiñones* v. *District Court*, 54 P.R.R. 178.

But in the *Torres* case the facts were that the husband had no funds or source of income whatsoever. He was therefore powerless to comply with the order of court. In the same way, the language quoted from the *Villa* case includes the statement that ". . . the defaulting husband shows that he has no means wherewith to pay : . .". Here the facts are different. The husband admittedly has a substantial income. His only excuse is that his other expenses, even without the payment of support to his wife, exceed his income. Accepting that contention as true, it is not sufficient, stand-

ing alone, to exculpate him for failure to comply with the order of court. The order for support of $75 per month was entered in 1944. The defendant has made no effort to obtain a reduction in the amount on the ground that it is beyond his ability to pay. And, most important of all, he did not distribute his income proportionately among his dependents, including his wife, during the months in question. Instead without making any request to the lower court, the defendant apparently took the position that since he did not have sufficient income to meet all his obligations, he was entitled on his own initiative to devote his income to his other obligations and to leave his wife high and dry without even a token payment for three months or more. We agree with the district court that failure to make a payment under an order providing for support does not automatically require a finding of contempt. But under the facts as found by the lower court and the rule laid down in our cases, we hold that the defendant in this case deliberately violated the order of court and was therefore guilty of contempt.

There remains the problem of the judgment to be entered against the defendant. "Common sense would recognize that conduct can amount to both civil and criminal contempt. The same acts may justify a court in resorting to coercive and to punitive measures. Disposing of both aspects of the contempt in a single proceeding would seem at least a convenient practice." *United States* v. *Mine Workers*, 330 U. S. 258, 298–99. If the criminal and civil contempt are tried together, the defendant must be afforded all the protections surrounding a criminal case. Id., pp. 298–300.

So far as we are aware, the defendant enjoyed during the trial all the enhanced protections accorded defendants in criminal proceedings. The trial court was therefore at liberty to adjudge the defendant in criminal or civil contempt, or both. Frequently, the most effective disposition of support cases is to find the defendant in civil contempt and to provide for indefinite incarceration until the defendant

complies with the order. *Dubón* v. *Casanova*, 65 P.R.R. 786; *Germán* v. *District Court*, 63 P.R.R. 587. Perhaps that is the judgment which should have been imposed in this case. But due to the lapse of time, the necessity of distributing the income of the defendant among his dependents, including his wife, and all the other circumstances of this case, we deem it advisable, instead of entering a judgment of our own to remand the case to the district court, where the evidence was heard, for entry of an appropriate judgment of civil or criminal contempt, or both. It will be for that court to determine in the first instance what is the wisest course to pursue at this time.

The order of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.